UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

ROYCE MITCHELL,

                                          Defendant.

_____

**REPORT
and
RECOMMENDATION**

**03-CR-227A(F)**

APPEARANCES:        MICHAEL A. BATTLE
                    United States Attorney
                    Attorney for Government
                    JOSEPH M. GUERRA, III
                    Assistant United States Attorney, of Counsel
                    Federal Centre
                    138 Delaware Avenue
                    Buffalo, New York 14202

                    JUDITH M. KUBINIEC, ESQ.
                    Attorney for Defendant
                    402 Amherst Street
                    Buffalo, New York 14207


## JURISDICTION

This matter was referred to the undersigned by Honorable Richard J. Arcara on November 19, 2004, for resolution of pretrial matters including report and recommendation on dispositive motions.  The matter is presently before the court on Defendant's motion to suppress evidence filed on August 17, 2004 (Doc. No. 15).


## BACKGROUND and FACTS[1]

On November 13, 2003, Defendant Royce Mitchell ("Defendant") was indicted in

_____

[1] The fact statement is taken from the pleadings and motion papers filed in this action.

a three count indictment ("the Indictment"), charging Defendant with using a firearm to shoot and kill Gary Foster ("Foster" or "the victim"), while engaged in a conspiracy to distribute cocaine, in violation of 18 U.S.C. §§ 848(e)(1)(A) and 924(j)(1).  Specifically, Defendant is charged with using a 9 mm firearm to shoot and kill Foster on November 14, 1998, at 23 Glenwood in Buffalo, New York, outside of Birchfield's, a nightclub, allegedly to retaliate against Foster for stealing 2 kilograms of cocaine from Defendant.

On January 11, 1999, Althea Holland ("Holland"), an eyewitness to Foster's shooting, was shown a six-photo array from which she identified one Antalon Jackson ("Jackson") as present in the nightclub outside of which Foster was shot on November 14, 1998.  On March 17, 1999, Holland was shown another six-photo array from which she identified the person depicted in photograph No. 3, *i.e.*, Defendant, as Foster's shooter.

On August 17, 2004, Defendant filed an omnibus motion seeking, *inter alia*, to suppress Holland's identification as an eyewitness to Foster's shooting.  Attached to the motion is a Memorandum of Law ("Defendant's Memorandum"), and several exhibits ("Defendant's Exh. __").  On October 8, 2004, the Government filed its Response to Defendant's Motion (Doc. No. 16) ("Government's Response"), with attached exhibits ("Government's Exh. __").  On October 12, 2004, the Government filed a Demand for Discovery and Inspection (Doc. No. 18), seeking reciprocal discovery from Defendant. Oral argument on the motions was held on November 4, 2004, with all the nondispositive issues resolved at that time, and decision reserved on Defendant's request to suppress the eyewitness identification.

Based on the following, Defendant's motion to suppress the eyewitness

identification should be DENIED.

## DISCUSSION

Defendant seeks to suppress Holland's out-of-court identification, as well as any potential in-court identification of Defendant as Foster's shooter.  Defendant's Memorandum at 5.  The Government maintains that Defendant has failed to establish a basis for suppressing Holland's out-of-court identification or any in-court identification of Defendant.  Government's Response at 2-3.  Although not specifically requested by Defendant, the court also construes Defendant's motion as requesting the court conduct a **Wade** hearing to determine whether Holland's anticipated in-court identification of Defendant would be reliable.

A defendant's right to due process includes the right not to be the object of unnecessarily suggestive police identification procedures that create "a very substantial likelihood of irreparable misidentification."  *Simmons v. United States*, 390 U.S. 377, 384 (1968); *see also Manson v. Brathwaite*, 432 U.S. 98, 111-14 (1977).  To prevail on a motion to suppress identification evidence, the defendant must demonstrate that the pretrial identification was impermissibly suggestive and that under the totality of the circumstances, there is a very substantial likelihood of irreparable misidentification. *United States v. Ruggiero*, 824 F.Supp. 379, 395-96 (S.D.N.Y.), *aff'd sub nom, United States v. Aulicino*, 44 F.3d 1102 (2d Cir. 1995); *Dickerson v. Fogg*, 692 F.2d 238, 244 (2d Cir. 1982).

If pretrial procedures are found to be impermissibly suggestive, the court must then determine whether an in-court identification will be the product of the suggestive procedure, or whether it is independently reliable.  *United States v. Concepcion*, 983

F.2d 369, 377 (2d Cir. 1992).  Even grossly suggestive procedures will not require suppression of a witness's identification testimony if it is reliable independent of the improper procedures.  *United States v. Bautista*, 23 F.3d 726, 729 (2d Cir. 1994) ("we will exclude a pre-trial identification only if it was *both* produced through an unnecessarily suggestive procedure *and* unreliable.") (emphasis in original); *Dickerson, supra*, at 244 (same).

As such, whether a witness who has made a pretrial identification of a defendant will be permitted to identify the defendant at trial requires a two-step inquiry.  *United States v. Maldonado-Rivera*, 922 F.2d 934, 973 (2d Cir. 1990), *cert. denied*, 501 U.S. 1244 (1991).  First, it must be determined whether the pre-trial identification procedures were impermissibly suggestive of the suspect's guilt.  *Maldonado-Rivera, supra*, at 973. Where, however, the pretrial identification is not unnecessarily suggestive, the court need not address the second question, *i.e.*, whether the identification was, nevertheless, reliable.  *United States v. Bautista*, 23 F.3d 726, 731 n.7 (2d Cir. 1994) (citing *Brayboy v. Scully*, 695 F.2d 62, 65 (2d Cir. 1982), *cert. denied*, 460 U.S. 1055 (1983)).  Rather, any question as to the reliability of such identification goes to the weight of the evidence rather than to its admissibility.  *Maldonado-Rivera*, *supra*, at 973. Otherwise, the court must weigh the suggestiveness of the pretrial identification procedures against five factors established by the Supreme Court in *Neil v.Biggers*, 409 U.S. 188, 199-200 (1972), to determine whether in-court identification testimony may be independently reliable, rather than the product of, the earlier suggestive identification procedures.  *Maldonado-Rivera*, *supra*, at 973.

Although a pretrial hearing pursuant to *United States v. Wade*, 388 U.S. 218

(1967) ("a **Wade** hearing"), to consider the suggestiveness and, thus, the admissibility, of the out-of-court identification procedures is favored, a **Wade** hearing is not constitutionally required. *Watkins v. Sowder*, 449 U.S. 341, 349 (1981). Rather, it is within the trial court's discretion whether to hold a **Wade** hearing or to leave "the trustworthiness of the evidence to the 'time-honored process of cross-examination. . . .'" *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir. 1984) (quoting *Watkins*, *supra*, at 349). Furthermore, if the defendant fails to make a threshold showing that "the surrounding circumstances or actual conduct" of the out-of-court identification was unduly suggestive, the court is not required to conduct a pretrial **Wade** hearing to consider the admissibility of the out-of-court identification. *United States v. Leonardi*, 623 F.2d 746, 755 (2d Cir. 1980) (upholding district court's refusal to hold **Wade** hearing where defendant "failed to make a threshold showing that the surrounding circumstances or actual conduct of the [subject] photo-spread were suggestive"); *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969) (the court is not required to conduct an evidentiary hearing to determine the admissibility of identification testimony unless the defendant sets forth facts which, if proven, would entitle him to the relief sought.), *cert. denied*, 396 U.S. 1019 (1970). In other words, a defendant must show a factual situation that sufficiently creates some suspicion of impermissible suggestiveness before an evidentiary hearing is required, and a defendant cannot meet this burden if he fails to, at a minimum, plead facts, either during oral argument or in motion papers, demonstrating at least a scintilla of impropriety in an investigating officer's actions. *Ruggiero, supra*, at 395-96 ("Because defendants have failed to make

5

any showing that the procedures used were suggestive, and because any questions concerning the reliability of witnesses' identifications can be property raised on cross-examination, no pre-trial hearing is required.").  *See United States v. Ramirez*, 1992 WL 163172, *1 (S.D.N.Y. 1992) (denying motion to suppress out-of-court identification without holding hearing on issue where defendant provided no ground for suppression or for a hearing), *aff'd,* 23 F.3d 397 (1994) (Table); *United States v. Taylor*, 1989 WL 107644, * 2 (S.D.N.Y. 1989) (same). *See also United States v. Carrasquillo*, 2000 WL 45708, *2 (S.D.N.Y. 2000) (denying request for evidentiary hearing regarding motion to suppress evidence where defendant failed to show disputed issues of material fact justifying hearing existed); *United States v. Sanders*, No. 97 Civ. 186A(F), Order by Hon. Richard J. Arcara filed May 13, 1998 (Docket Item No. 16) (W.D.N.Y. 1998) (affirming  Report and Recommendation filed March 10, 1998 (Docket Item No. 13) recommending denying motion for **Wade** hearing where defendant submitted nothing demonstrating some grounds for hearing).  In the instant case, Defendant has failed to make the necessary threshold showing to establish he is entitled to a **Wade** hearing, or that Holland's out-of-court identification and any potential in-court identification should be suppressed.

A photo array is improperly suggestive if the photograph of the accused in the array differs significantly from others in the array.  *United States v. Eltayib*, 88 F.3d 157, 166 (2d Cir.), *cert. denied*, 519 U.S. 1045 (1996).

> The fairness of a photographic array depends on a number of factors, including the size of the array, the manner of presentation by the officers, and the array's contents.  If there is nothing inherently prejudicial about the presentation, such as use of a very small number of photographs or of suggestive comments, the principal question is whether the picture of the

> accused, matching descriptions given by the witness, so stood out from all
> of the other photographs as to suggest to an identifying witness that that
> person was more likely to be the culprit.  The array must not be so limited
> that the defendant is the only one to match the witness's description of the
> perpetrator.

*Maldonado-Rivera*, *supra*, at 974 (citing *Jarrett v. Headley*, 802 F.2d 34, 41 (2d Cir.
1986), and *United States v. Archibald*, 734 F.2d 938, 940 (2d Cir.1984) (internal
quotation omitted)), *cert. denied*, 501 U.S. 1233 (1991).

Here, it is significant that Defendant does not assert that the March 17, 1999

photo array's[2] composition was suggestive and a plain review of the array reveals it is

not suggestive.  Rather, Defendant's sole argument in support of suppression is that

the January 11, 1999 photo array from which Holland identified Jackson as present in

Birchfield's nightclub on November 11, 1998 when Foster was shot, may actually be the

photo array from which Holland, on March 17, 1999, identified Defendant as the

shooter.  Defendant's Memorandum at 4-5.  Defendant, however, presents no factual

basis for this bald speculation.  Moreover, a review of the March 17, 1000 photo-array

establishes that it does not impermissibly suggest Defendant as the perpetrator of the

charged crimes.

Although the March 17, 1999 photo array from which Holland identified

Defendant, depicted in photograph No. 3, as Foster's shooter contained only six

photos, the size of the photo array is not inherently prejudicial given the similarity of the

individuals portrayed in each photo.  *See United States v. Hernandez*, 456 F.2d 638,

641-42 (2d Cir. 1972) (observing that an eleven-photo array in which only two of the

persons depicted matched the suspect's physical description would not be

---

[2] Government's Exh. A.

impermissibly suggestive).  In particular, the March 17, 1999 photo array consists of two

photographs -- profile and frontal views -- of only the heads and faces of six male

African-American individuals.[3]  Each of the individuals bear a sufficient resemblance to

Defendant such that the March 17, 1999 photo array is not impermissibly suggestive.

Each of the individuals appears to be between 20 and 30 years of age, of medium

complexions, with closely cropped hair, a long face, and close-shaven with little or no

facial hair.  There are no significant identifying facial characteristics of any of the six

persons, with the exception of the person depicted in No. 2 whose eyes droop a bit.

Finally, photo arrays of six photographs have been upheld as not so small as to be

impermissibly suggestive.  *United States v. Bennett*, 409 F.2d 888, 898 (2d Cir.), cert.

denied, 396 U.S. 852 (1969).  For these reasons, the court finds that the subject photo

array was not so limited in the facial characteristics of the photos presented as to

impermissibly suggest Defendants as the perpetrator of the charged crimes.

*Maldonado-Rivera, supra*, at 974.  As such, the court finds the challenged photo array

was not impermissibly suggestive.

Although Defendant has failed to provide any factual basis demonstrating the

need for a **Wade** hearing to consider the admissibility of Holland's out-of-court

identification, as Defendant is aware of Holland's identity, he can, through his attorney,

contact Holland to determine whether any of the agents who presented the March 17,

1999 photo array to Holland acted in any unduly suggestive manner in connection with

the conduct of the photo array identification procedure.  Defendant can attack the

---

[3] The profile views of the persons depicted in photos Nos. 4, 5 and 6, are cut off in the copy of the photo array submitted by the Government.

reliability of Holland's out-of-court identification through cross-examination at trial. *Ruggiero, supra*, at 396 (citing *Watkins, supra*, at 348-49).  Therefore, the court need not conduct a **Wade** hearing to determine the admissibility of the witnesses' out-of-court identification in this case.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's motion to suppress (Doc. No. 15) should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        November 19 , 2004
             Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an</u>**

**<u>extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        November   19, 2004
             Buffalo, New York