UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

====================================================

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
                    v.                              03-CR-227A

ROYCE MITCHELL,

                    Defendant.

====================================================

## INTRODUCTION

On November 13, 2003, a federal grand jury returned a three-count indictment charging the defendant Royce Mitchell with one count of intentionally killing Gary Foster while engaged in an offense punishable under 21 U.S.C. §841(b)(1)(A), in violation of 21 U.S.C. §848(e)(1)(A) ("Count 1"); one count of using and carrying a firearm and killing Foster with that firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(j)(1) ("Count 2"); and one count of using and carrying a firearm and killing Foster with that firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. §924(j)(1) ("Count 3").

The defendant has moved to dismiss the charges in the indictment on the grounds that: (1) the underlying drug conspiracy set forth in Count 1 is insufficiently pleaded; and (2) his prior conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. §846, bars, on double jeopardy grounds, his

prosecution for the murder of Gary Foster as charged in each count of this indictment.

After reviewing the submissions of the parties and hearing argument from counsel, the Court denies the defendant's motion to dismiss.

## DISCUSSION

### I.  *Sufficiency of Count 1*

The defendant argues that Count 1 of the indictment fails to plead with sufficient specificity the underlying drug conspiracy upon which the § 848(e)(1)(A) murder charge is based.  In particular, the defendant argues that Count 1 fails to allege that he knowingly entered into the conspiracy, thereby impermissibly omitting the necessary *mens rea* element.  In addition, the defendant asserts that Count 1 impermissibly fails to allege the time span and location of the conspiracy.  The Court finds these arguments without merit.

"A criminal defendant is entitled to an indictment that states the essential elements of the charge against him."  United States v. Pirro, 212 F.3d 86, 91 (2d Cir.2000) (citing Jones v. United States, 526 U.S. 227, 232 (1999); Hamling v. United States, 418 U.S. 87 (1974)).  Accordingly, Rule 7 of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed.R.Crim.P. 7(c)(1).

To satisfy the pleading requirements of Rule 7(c)(1), " 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.' "  United States v. Stravroulakis, 952 F.2d 686, 693 (2d Cir. 1992) (quoting United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir.1975)).  An indictment " 'must be read to include facts which are necessarily implied by the specific allegations made.' "  Id. (quoting United States v. Silverman, 430 F.2d 106, 111 (2d Cir.1970)).  In short, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling, 418 U.S. at 117.

Count 1 of the instant indictment charges the defendant with a violation of 21 U.S.C. § 848(e)(1)(A), which punishes any "person engaging in an offense punishable under § 841(b)(1)(A) of this title . . . who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results[.]"  Count 1 provides as follows:

> On or about November 14, 1998, at Buffalo, New York, in the Western District of New York, the defendant, Royce Mitchell, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), that is, a conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, Schedule II controlled substances, did intentionally kill and cause the intentional killing of Gary Foster, and such killing resulted; all in violation of Title 21, United States Code, Section 848(e)(1)(A).

The defendant argues that Count 1 must be dismissed because it fails to allege that he knowingly entered into the conspiracy, thereby impermissibly omitting the necessary *mens rea* element.  This same argument was raised and rejected in the case of United States v. Johnson, 225 F. Supp.2d 1009 (N.D. Iowa 2002).

In Johnson, the defendant was charged with murder while engaged in a drug conspiracy.  The indictment specifically charged that

> ". . . on or about July, 25, 1993, while engaging in an offense punishable under 21 U.S.C. 841(b)(1)(A) and 846, relating to a conspiracy to manufacture and distribute more than 100 grams of methamphetamine between 1992 and 2000, Angela Johnson intentionally killed and counseled, commanded, induced, procured, and caused and aided and abetted the intentional killing of Gregory Nicholson . . . in violation of 21 U.S.C. 848(e)(1)(A).

The defendant in Johnson, like the defendant here, argued that the charge failed to state the *mens rea* required for the underlying conspiracy and therefore was subject to dismissal.  The court rejected that argument, relying on case law holding that a conspiracy charge is valid despite the omission of the words "knowingly or intentionally" from the indictment.  Id. at 1019 (citing United States v. Starr, 584 F.2d 235, 237 (8th Cir. 1978)).  This Court adopts the reasoning and result in Johnson.

The defendant also argues that Count 1 must be dismissed because it fails to allege the dates and location of the underlying drug conspiracy.  The Court finds this argument unavailing.  Count 1 alleges that the

4

murder took place on November 14, 1998.  Although the government must

prove, within a reasonable time frame, the date of the murder, and that the

defendant committed the murder while engaged in a drug conspiracy, there is no

requirement that the government establish the beginning and ending dates of

the drug conspiracy.

With regard to the location of the conspiracy, Count 1 alleges that

the murder took place in Buffalo, New York, in the Western District of New York,

and occurred while the defendant was engaged in a drug-trafficking crime under

§ 841(b)(1)(A).  Thus, the indictment necessarily implies that the drug conspiracy

occurred in this District.  In any event, the allegation that the murder took place

in Buffalo provides the defendant with more than sufficient notice of the charge

he is being called upon to defend.

In sum, the Court finds that Count 1 adequately tracks the language

of the statute, fairly informs the defendant of the elements of the offense and

provides the defendant with sufficient notice of the charge so as to allow him to

prepare a defense and to plead double jeopardy if need be.  Accordingly,

defendant's motion to dismiss Count 1 for insufficiency must be denied.


## II.  *Double Jeopardy*

On January 6, 1999, the defendant was charged in this District,

under indictment 99-CR-2A, with conspiracy to distribute cocaine in violation of

21 U.S.C. §846.  On November 5, 2001, the defendant pled guilty to the

conspiracy charge.  On March 14, 2002, he was sentenced to a term of

imprisonment of 70 months.  As set forth in ¶5(a) of the defendant's plea

agreement, the factual basis for the defendant's plea of guilty included the

following:

> Between 1997 and January 1999, in Buffalo, New York,
> the defendant purchased quantities of cocaine from
> David Williams, Daawood Naseer and Alvin Jackson.
> After acquiring the cocaine, the defendant sold the
> cocaine to other persons.

It is the government's position that the conspiracy to which the

defendant pled guilty in 99-CR-2A is the same conspiracy alleged in each of

Counts 1, 2 and 3 of the instant  indictment.  In addition, the government has

announced its intention to introduce evidence of the defendant's plea of guilty in

99-CR-2A as proof of the existence of the underlying drug conspiracy charged in

Counts 1, 2 and 3.[1]

The defendant argues that, because the drug conspiracy charge to

---

[1]    The government explains in an affidavit that although it had information that the
defendant was involved in the murder of Gary Foster prior to the defendant pleading guilty to the
drug conspiracy in 99-CR-2A, no evidence regarding the murder was presented to a federal
grand jury at that point, because the homicide investigation was being handled by the Buffalo
Police Department and the Erie County District Attorney's Office.  It was only after those
authorities decided not to pursue a murder case against the defendant that the government
presented the murder case to a federal grand jury.  Defendant cannot argue any unfair surprise
by the government's actions because at the time of his plea, he was on notice that he was being
investigated for Foster's murder.  In fact, paragraph 16 of defendant's plea agreement stated that
while the government agreed not to prosecute him for any other controlled-substance offenses
committed up to the date of the plea agreement, the plea agreement did not foreclose any
prosecution for an act involving murder.

which he pled guilty in 99-CR-2A is a necessary element of each of the counts of this indictment, and therefore, is a lesser included offense of each count, the instant prosecution is barred by the Double Jeopardy Clause.  The Court finds this argument without merit.

A.      *"Same Offense" and Congressional Intent*

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  It protects against successive prosecutions for the "same offense" after acquittal or conviction and against multiple criminal punishments for the "same offense."  See North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

"Where the same conduct violates two [criminal] statutory provisions, the first step in the double jeopardy analysis is to determine whether the legislature--in this case Congress--intended that each violation be a separate offense."  Garrett v. United States, 471 U.S. 773, 778 (1985).  If the statutes make clear that Congress intended to impose cumulative punishments, the court is authorized to impose those punishments and the Double Jeopardy Clause is not violated.  Id. at 779.

If the statutes themselves do not make the legislature's intent explicit, the test fashioned in Blockburger v. United States, 284 U.S. 299 (1932),

7

may be used to determine whether cumulative punishments were intended.

Under the Blockburger test, which focuses on the elements reflected in the

respective statutory sections, if each section requires proof of at least one fact

that the other does not, there are two offenses, and it is presumed that the

legislature intended to authorize prosecution and punishment under both.  In

that circumstance, the imposition of multiple punishments does not violate the

Double Jeopardy Clause. See id. at 304.

In Missouri v. Hunter, 459 U.S. 359 (1983), the Supreme Court

considered whether the Double Jeopardy Clause permitted a defendant to be

punished cumulatively after being convicted at a single trial on both a charge of

"armed criminal action" and a charge of first degree robbery--the underlying

criminal action. Id. at 360.  The pertinent state statute on robbery provided that

"[e]very person convicted of robbery in the first degree by means of a dangerous

and deadly weapon and every person convicted of robbery in the first degree by

any other means shall be punished by imprisonment by the division of

corrections for not less than five years . . .." Id. at 362 (citation omitted).  The

statute proscribing armed criminal action provided as follows:

> [A]ny person who commits any felony under the laws of this state
> by, with, or through the use, assistance, or aid of a dangerous or
> deadly weapon is also guilty of the crime of armed criminal action
> and, upon conviction, shall be punished by imprisonment by the
> division of corrections for a term of not less than three years. *The*
> *punishment imposed pursuant to this subsection shall be in addition*
> *to any punishment provided by law for the crime committed by, with,*

8

> *or through the use, assistance, or aid of a dangerous or deadly weapon.*  No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

Id. (citation omitted) (emphasis added).  Missouri's highest court had interpreted these two sections under Blockburger as punishing the same crime, a conclusion that the Supreme Court perforce agreed with.  Id. at 368.  The Supreme Court rejected, however, the state court's conclusion that the Blockburger test was determinative and that cumulative punishment was proscribed by the Double Jeopardy Clause.  The Supreme Court stated that simply because two criminal statutes may be construed to proscribe the same conduct under the Blockburger test does not mean that the Double Jeopardy Clause precludes the imposition of cumulative punishments pursuant to those statutes. Hunter, 459 U.S. at 368.  The Hunter Court noted that the Blockburger test is a rule of statutory construction, to be used "only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear," 459 U.S. at 368, "not a constitutional rule requiring courts to negate clearly expressed legislative intent."  Id.; see also Garrett, 471 U.S. at 779 ("the Blockburger rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history").  Stating that the Missouri Legislature had "made its intent crystal clear," Hunter, 459 U.S. at 368, the Supreme Court concluded that "[w]here, as here, a legislature specifically

authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under <u>Blockburger</u>, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."  <u>Id</u>. at 368-69.

In <u>United States v. Dixon</u>, 509 U.S. 688 (1993), the Supreme Court further held that the Double Jeopardy Clause does not prohibit successive prosecutions of the same defendant so long as the offenses charged in each case are separate offenses, even if the offenses involve the same or similar facts.  In <u>Dixon</u>, the Court overruled its holding in <u>Grady v. Corbin</u>, 495 U.S. 508 (1990), and disapproved the *dictum* suggested in <u>Illinois v. Vitale</u>, 447 U.S. 410 (1980), that prosecuting someone a second time based on evidence used to convict him of a related crime on another occasion would implicate double jeopardy.  The <u>Dixon</u> Court held that although the collateral estoppel effect of the Double Jeopardy Clause may bar later prosecution for a separate offense where the government has lost an earlier prosecution involving the same facts, it does not require that the government bring its prosecutions together, and the government is entirely free to bring them separately and win convictions in both. <u>Dixon</u>, 509 U.S. at 705.

Applying the above principles, the Court finds that the Double Jeopardy Clause does not bar the instant prosecution.  As discussed below, the

statutory language and legislative history of §§ 924(j)(1) and 848(e)(1)(A) make

clear that Congress intended both of these sections to be criminal offenses

separate and distinct from their predicate drug-trafficking crimes.  Thus, under

Dixon, the government is free to bring this prosecution, even though the

defendant has already been convicted of the predicate drug conspiracy in a

previous prosecution.


**B.**      ***Violations of 18 U.S.C. § 924(j)(1) Alleged in Counts 2 and 3***

18 U.S.C. § 924(c) imposes mandatory, and cumulative,

punishments on individuals who use, carry or possess firearms during the

commission of statutorily defined "drug trafficking crimes" and "crimes of

violence."  18 U.S.C. § 924(j)(1) enhances the penalties for an individual, who in

the course of committing a violation of § 924(c), intentionally kills a person

through the use of a firearm.  In defining the punishment to be imposed upon an

individual who violates its provisions, § 924(c)(1)(A) states that the punishment

for a violation of that statute shall be applied "in addition to the punishment

provided for such crime of violence or drug trafficking crime."

Based on the "in addition" language of § 924(c)(1)(A), courts have

consistently held that the punishment for a violation of 18 U.S.C. § 924(c) is to

be imposed in addition to the penalty for the predicate crime of violence or drug

trafficking crime.  See, e.g., United States v. Khalil, 214 F.3d 111, 117 (2d Cir.

11

2000) (affirming consecutive sentence for violations of 18 U.S.C. §§ 2332(a) and 924(c)); <u>United States v. Lawrence</u>, 928 F.2d 36 (2d Cir. 1991) (affirming defendant's consecutive sentences for violations of 18 U.S.C.§ § 924(c) and 922(g) based on Congress' intent to impose cumulative punishments); <u>see also</u> <u>United States v. Allen</u>, 247 F.3d 741, 768 (8th Cir. 2001) (cumulative sentences for bank robbery under 18 U.S.C. § 2113 and for using a firearm pursuant to § 924(c) were intended by Congress based on the "in addition to" language of § 924(c) and therefore permissible, despite "the likely failure of the two statutes to pass the <u>Blockburger</u> same elements test . . ."); <u>United States v. Jones</u>, 34 F.3d 596, 601-02 (8th Cir. 1994) (focusing on the same language as expressing Congress' intent that multiple punishments and prosecutions be permissible).

Accordingly, because the express language of § 924(c)(1) makes clear Congress' intent that a violation of that statute is a separate crime from the predicate crime of violence or drug trafficking crime and therefore subjects the violator to a consecutive sentence, the prosecution of the defendant for the violations of  § 924(j)(1) alleged in Counts 2 and 3 of this indictment does not violate the Double Jeopardy Clause, even though he was already been convicted of the predicate drug-trafficking crime.

**C.**    ***Violation of 21 U.S.C. § 848(e)(1)(A) Alleged in Count 1***

The Court similarly finds that the prosecution of the defendant for

the violation of § 848(e)(1)(A) alleged in Count 1 of the indictment is not barred

by the Double Jeopardy Clause.  Courts having considered the issue have held

that the language, structure and legislative history of § 848(e)(1) demonstrate

Congress' clear intent to define an offense separate and apart from the

predicate drug crime.  See, e.g., United States v. Collazo-Aponte, 216 F.3d 163,

199-200 (1st Cir. 2000) (holding that a predicate drug crime involving a § 846

drug conspiracy is not a lesser included offense of a drug-related murder charge

under § 848(e)(1)(A)); United States v. NJB, 104 F.3d 630, 634 (4th Cir. 1997);

United States v. McCullah, 76 F.3d 1087, 1104-05 (10th Cir. 1996); United States

v. Snow, 48 F.3d 198, 200 (6th Cir. 1995); United States v. Villarreal, 963 F.2d

725, 728 (5th Cir. 1992);United States v. Honken, 271 F. Supp.2d 1097, 1112

(N.D. Iowa 2003).

        In support of his position, defendant relies on the case of United

States v. Holland, 3 F. Supp.2d 1293 (N.D. Ala. 1998).  In Holland, the court

held that a defendant's prior prosecution on a drug conspiracy in violation of 21

U.S.C. § 846 barred his subsequent prosecution under 21 U.S.C. § 841(e)(1)(A)

for a murder committed while engaged in that drug conspiracy.  Holland, 3 F.

Supp.2d at 1297-98.  The Holland court, however, appears to have only

considered Blockburger's "same elements" test; there is no indication that the

parties ever raised, or that the Court ever considered, whether Congress had

expressed a clear intent to define a separate offense for committing a murder

while engaged in specified drug crimes.  As set forth above, when determining whether cumulative punishments are authorized for offenses which otherwise would be considered greater and lesser offenses, it is Congress' intent that  is controlling.[2] Thus, the Court declines to follow Holland and instead will follow the vast majority of cases that have held that § 848(e)(1) defines an offense separate and apart from the predicate drug crime.

## CONCLUSION

For the reasons stated, the Court denies defendant's motion to dismiss the indictment.  Counsel shall appear on October 7,  2005 at 9:00 a.m. for a meeting to set a trial date.

---

[2]        The court in Holland relied upon the decision of the Eighth Circuit Court of Appeals in United States v. Jones, 101 F.3d 1263 (8th Cir. 1996).  In Jones, the defendant was charged with and convicted of separate counts alleging violations of the Continuing Criminal Enterprise ("CCE") statute, 21 U.S.C. §848(a), and the drug conspiracy statute, 21 U.S.C. §846, as well as separate counts alleging violations of 21 U.S.C. §848(e)(1)(A) for committing a murder while engaged in the CCE and  §848(e)(1)(A) for committing the same murder while engaged in a drug conspiracy.  On the basis of the Supreme Court's decision in Rutledge v. United States, 517 U.S. 292 (1996), which held that a drug conspiracy charge is a lesser-included offense of a CCE charge, the circuit court vacated the defendant's conviction on the drug conspiracy count.  On the same basis, the circuit court held that, because the drug conspiracy charge was a lesser-included offense of the CCE charge, the count charging the commission of the homicide while engaged in the drug conspiracy was also a lesser-included offense of committing the homicide while engaged in the CCE.  Thus, the circuit court also vacated the conviction for committing the homicide while engaged in the drug conspiracy. Jones, 101 F.3d, at 1268.  The facts in Jones, however, are not presented in this action.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 6  , 2005