UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    v.                                           **ORDER**
                                                  03-CR-227S

ROYCE MITCHELL,

                              <u>Defendant.</u>

       1.       On October 17, 2006, this Court directed the District's Panel Selection Committee ("the Committee") to review attorney Judith Kubiniec's claim for compensation under the Criminal Justice Act ("CJA") for her representation of the defendant in the above-captioned case.  In particular, this Court directed the Committee to "review and verify the claims for compensation for legal services rendered by attorney Joanne Kubiniec. (Docket No. 118.)

       2.       This Court referred the voucher to the Committee for three principle reasons.  First, the voucher substantially exceeds the CJA limit of $7,000.[1]  Second, because the voucher seeks reimbursement in an amount that exceeds the CJA limit, this Court has an obligation to certify its authorization for payment to the Chief Judge of the Second Circuit Court of Appeals for final review and authorization.[2]  Finally, Judith Kubiniec included in her voucher charges for work performed by attorney Joanne Kubiniec, who was not appointed in this case and was not otherwise approved to render services in connection with Judith Kubiniec's representation of the defendant.  This Court therefore wanted to ensure that the

---

[1] Judith Kubiniec seeks payment in the amount of $53,261.

[2] Moreover, because the requested payments exceed $10,000, certification to the Second Circuit must be accompanied by a memorandum from this Court.

1

voucher set forth in detail the time and expenses claimed, including all appropriate documentation, and wanted the Committee's recommendation as to whether claims for payment made in connection with Joanne Kubiniec's involvement in this case are compensable under the CJA Act.

3. This Court is now in receipt of the Committee's thorough and comprehensive report. In this Court's view, the Committee's investigation was exhaustive; the Committee reviewed the voucher entries, interviewed Judith Kubiniec, interviewed the prosecutor, accepted from Judith Kubiniec additional documentation regarding the exhibits, witnesses, pleadings, motions and docket entries in this case, and accepted from Judith Kubiniec a draft affidavit detailing her need for Joanne Kubiniec's assistance and justifying Joanne Kubiniec's involvement in this case. In addition, the Committee investigated the propriety of Judith Kubiniec's use of Joanne Kubiniec as co-counsel under the CJA Act.

4. Based on its review, the Committee is satisfied that Judith Kubiniec's voucher is reasonable and supported by accurate time records. Moreover, the Committee has concluded that although Joanne Kubiniec's involvement in this case should have been handled in a different manner procedurally, her involvement was nonetheless necessary, and is compensable under the CJA Act. The Committee has recommended that several actions be taken to clarify and complete the voucher.

5. First, the Committee suggests that Judith Kubiniec should have made a formal application to the court for the appointment of an additional attorney (Joanne Kubiniec) to assist in this difficult case. To correct this procedural deficiency and to clarify the record, the Committee recommends that this Court provide Judith Kubiniec the opportunity to make an application to this Court for entry of an order appointing Joanne

Kubiniec *nunc pro tunc* under Guideline § 2.11(1)(A) of *The Guidelines for the Administration of the Criminal Justice Act*.

6.     Second, the Committee recommends that given Joanne Kubiniec's necessary and valuable involvement in this case and Judith Kubiniec's representation that she could not have obtained a favorable result for her client without Joanne Kubiniec's assistance, this Court should consider compensating Joanne Kubiniec at the maximum CJA hourly rate of $92 per hour.[3]

7.     Finally, the Committee recommends that Judith Kubiniec execute and file the supplemental affidavit she submitted to the Committee in support of her CJA voucher.

8.     Consistent with the Committee's recommendations, Judith Kubiniec shall file a motion by **February 23, 2007**, requesting the entry of an order appointing Joanne Kubiniec *nunc pro tunc*[4] under § 2.11(1)(A) of *The Guidelines for the Administration of the Criminal Justice Act*, and establishing good cause for the entry of such an order.[5]  In addition, Judith Kubiniec shall execute and file the supplemental affidavit she submitted to the Committee in support of her CJA voucher by **February 23, 2007**.

9.     This Court will take the motion under advisement upon its filing. If the motion is granted, Judith Kubiniec will be directed to file an amended voucher claiming only her

---

[3] As currently submitted, Judith Kubiniec's voucher claims a lesser hourly rate for Joanne Kubiniec's time.

[4] Judith Kubiniec shall include the date back to which the *nunc pro tunc* order shall apply.

[5] Under § 2.11(1)(B) of the Guidelines, this Court may appoint an additional attorney in an extremely difficult case where it finds that such an appointment is necessary and in the interests of justice. Judith Kubiniec should center her grounds for cause around this standard.

time, and Joanne Kubiniec will be directed to file her own voucher.[6] At that time, Joanne Kubiniec may make application for the attorney rate of $92 per hour if she so desires. This Court will then review those vouchers and determine whether to approve them for payment.

10. This Court extends its gratitude to the Committee members for the time and effort they put into this assignment, and it thanks Judith Kubiniec for her cooperation with the Committee and her further efforts in completing the record.

SO ORDERED.


Dated: January 31, 2007
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

---

[6] In essence, the present voucher will have to be divided into two vouchers – one for each attorney.